**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MARK ANDREW ANDERSON,**

**Petitioner,**

**v.** **Civil Action No. 3:26cv1410**

**JOSEPH W. WALTERS,**

**Respondent.**

## MEMORANDUM OPINION

Mark Andrew Anderson, a Virginia inmate proceeding *pro se* has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("§ 2254 Petition") (ECF No. 1), challenging his June 6, 2025 convictions of armed burglary, rape, robbery, and use of a firearm, in the Circuit Court for Spotsylvania County. (ECF No. 1, at 1). By Memorandum Opinion and Order entered on November 6, 2021, the Court dismissed a previous § 2254 petition challenging the same convictions. *Anderson v. Johnson*, No. 3:01cv529 (E.D. Va. Nov. 6, 2021). Therefore, for the reasons set forth below, the § 2254 Petition is successive and unauthorized, and will be dismissed for lack of jurisdiction.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the § 2254 Petition. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction. The Motion to Appoint Counsel (ECF No. 2) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Anderson fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
Chief United States District Judge

Date: 11/3/2026
Richmond, Virginia